IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THYSSENKRUPP ELEVATOR
CORP. AND SEDGWICK CMS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellants,

CASE NO. 1D15-2515

v.

RANDY BLACKMON,

      Appellee.

_____/

Opinion filed December 31, 2015.

An appeal from an order of the Judge of Compensation Claims.
Mary D. A'mbrosio, Judge.

Date of Accident: January 31, 2009.

David W. Evoy of the Law Offices of David W. Evoy, P.L., Coconut Creek, for
Appellants.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellee.

PER CURIAM.

      After Appellant received an extension of time to file his initial brief, but failed

to do so, Appellee moved for attorneys' fees expended in anticipation of receiving

and responding to the initial brief. Appellant had assured her he was filing a brief, indicating it would be filed by the extended deadline. Two days after the filing of the fees motion, Appellant filed a notice of voluntary dismissal.

Appellee's entitlement to fees is based on section 440.34(5), Florida Statutes, which states:

> (5) If any proceedings are had for review of any claim, award, or compensation order before any court, the court may award the injured employee or dependent an attorney's fee to be paid by the employer or carrier, in its discretion, which shall be paid as the court may direct.

§ 440.34(5), Fla. Stat. (2015). An award of fees, as indicated, is discretionary. Entitlement is a case-by-case determination that can be based on circumstances that are shown to justify the expenditure of appellate fees.

Ordinarily, entitlement is not established where an appellant files a notice of appeal and soon thereafter seeks dismissal, leaving little doubt about whether the appeal will be pursued. In sharp contrast, the facts here show that the Appellant received an extension of time for filing its initial brief, missed the extended deadline, and told Appellee's counsel that the brief was almost done and the he intended to file it. Even after this Court issued a show cause order, a brief never materialized; instead, a voluntary dismissal was filed. Under these circumstances, Appellee's appellate counsel was justified in undertaking typical appellate tasks that required the expenditure of attorney time.

Accordingly, Appellee's motion for attorney's fees is GRANTED, and this matter is REMANDED for proceedings in accordance with this opinion.

ROBERTS, C.J., SWANSON, and MAKAR, JJ., CONCUR.